### Carl Carlson et al. v. James H. Gilbert, Sheriff, etc., use of, etc.

1. APPEALS—*Do Not Lie by Persons Not Parties to the Judgment Appealed From.*—An appeal by a person not a party to the judgment appealed from is properly dismissed.

2. PRACTICE—*What is Not a Waiver of Proof of the Execution of a Bond Under a Plea of Non Est Factum.*—In an action of debt upon a replevin bond, the introduction of the bond without objection, under a verified plea of *non est factum*, is not a waiver of proof of the execution of such bond.

Debt, on a replevin bond. Appeal from the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1900. Appeal dismissed as to appellant Hadley. Judgment reversed and cause remanded. Opinion filed January 21, 1902.

Statement.—This was an action of debt, begun in the Circuit Court upon a replevin bond alleged to have been executed by one of the appellants, George A. Hadley, as

Carlson v. Gilbert.

principal, and by the other appellant, Carl Carlson, as surety.

Each of appellants filed, among other pleas, a verified plea of *non est factum*. The jury returned a verdict in favor of appellees. Debt, $990; damages, $831.08.

After the verdict appellees moved to dismiss the suit against George A. Hadley, and asked for judgment against Carl Carlson, the surety, alone. Judgment as asked against Carlson was entered.

LEE, LEE & SCHUCHARDT, attorneys for appellants.

GEMMILL & FOELL, attorneys for appellee.

MR. JUSTICE WATERMAN delivered the opinion of the court.

The motion to dismiss the appeal of George A. Hadley must be sustained. He is not a party to the judgment, nor, since the dismissal as to him, to the suit.

Plaintiff below made no proof of the execution of the bond; this, under the verified plea of *non est factum*, he was required to do.

The introduction of the bond without objection thereto was not a waiver of proof of execution thereof.

It was so far, merely a written document, to which was appended the name of Carlson. Proof that his signature was annexed thereto or that it was his deed was lacking.

Appellee did not move to strike the plea from the files, nor demur to it; nor object that it was verified before an attorney in the cause.

The plea may contain a trifling informality, but is substantially good and was sufficiently verified.

The appeal of George A. Hadley is dismissed; the judgment reversed and the cause remanded.